# IN THE UNITED STATES DISTRICT COURT FOR THE
# EASTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| FRANKIE G. CHAMBERS, | ) |
| Petitioner, | ) |
| v. | ) Case No. CIV 05-397-RAW-KEW |
| TERRY JENKS, PARDON AND PAROLE BOARD, AND STATE OF OKLAHOMA, | ) |
| Respondents. | ) |

## REPORT AND RECOMMENDATION

NOW before the Magistrate Judge is petitioner's petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241, challenging the revocation of his parole in Tulsa County District Court Case No. CF-1998-311. He alleges that on or about April 24, 2004, he was arrested on a new charge of Bogus Checks in Rogers County, but this charge ultimately was amended to a misdemeanor. Because of this misdemeanor charge, parole revocation proceedings were initiated, but were not concluded until his parole was revoked by the Governor on October 24, 2005. He is complaining about the delay in his parole revocation.

The respondent alleges petitioner failed to exhaust his state court remedies. The record shows that petitioner originally was received into the custody of the Oklahoma Department of Corrections on December 15, 1998, to serve a 10-year sentence from Tulsa County District Court Case No. CF-1998-311. He also was serving five other cases concurrently with the Tulsa County case. He was granted parole on June 20, 2002, on the controlling Tulsa County case and all five of the concurrent cases.

On July 12, 2004, petitioner was served with a Parole Revocation Warrant and a

Notice of Probable Cause Hearing, while he was in the Rogers County Jail on charges in Rogers County District Court Case No. CF-2004-317. Petitioner waived the probable cause hearing and requested an executive parole revocation hearing. On January 13, 2005, petitioner was returned to DOC custody, based on the DOC Parole Revocation Warrant.

Petitioner's executive parole revocation hearing was scheduled in conjunction with the March 2005 regular meeting of the Pardon and Parole Board. Prior to the executive revocation hearing, however, petitioner waived the hearing. Petitioner's file was prepared and forwarded to the Governor's office, and his parole was revoked by the Governor on October 24, 2005, for violations of the rules and conditions of parole. Because of his parole revocation, petitioner served the remaining portion of his sentence and then was discharged from DOC custody.

"A threshold question that must be addressed in every habeas case is that of exhaustion." *Harris v. Champion*, 15 F.3d 1538, 1554 (10th Cir. 1994). In federal habeas corpus actions, the petitioner bears the burden of showing he has exhausted his state court remedies as required by 28 U.S.C. § 2254(b). *See Clonce v. Presley*, 640 F.2d 271, 273 (10th Cir. 1981); *Bond v. Oklahoma*, 546 F.2d 1369, 1377 (10th Cir. 1976).

> The Post Conviction Procedure Act . . . permits a convicted person to institute post-conviction proceedings when he is "otherwise unlawfully held in custody or other restraint." . . . [T]he intent of this provision is to permit an individual held in custody for parole violations to bring a post-conviction application for his release when it can be shown that there exists no lawful reason for his continued restraint.

*Frazier v. State*, 59 P.3d 512, 514 (Okla. Crim. App. 2002) (citing Okla. Stat. tit. 22, § 1080(e)). A convicted person may institute a post-conviction action to challenge parole revocation proceedings either before or after the parole is revoked. *Id*. The court, therefore, finds that

petitioner failed to exhaust his state court remedies with respect to his parole revocation proceedings.

**ACCORDINGLY**, the Magistrate Judge recommends that this action be, in all respects, dismissed.

Pursuant to 28 U.S.C. § 636(b)(1)(C), the parties are given ten (10) days from being served with a copy of this Report and Recommendation to file with the Clerk of the Court any objections with supporting briefs. Failure to file timely written objections to the Magistrate Judge's recommendations may result in waiver of appellate review of factual and legal questions. *Talley v. Hesse*, 91 F.3d 1411, 1412-13 (10th Cir. 1996); *Moore v. United States*, 950 F.2d 656, 659 (10th Cir. 1991).

**DATED** this 30th day of November, 2007.

_____
**KIMBERLY E. WEST**
**UNITED STATES MAGISTRATE JUDGE**